## 36753. LEVIN *v.* O'NEILL MANUFACTURING COMPANY.

FELTON, C. J. Where the contractor to whom materials are furnished for the improvement of an owner's property absconds from the State within twelve months from the date the materials were furnished, so that personal jurisdiction can not be obtained of the contractor in an action for the cost of the materials, the materialman is relieved of the necessity of obtaining judgment against the contractor as a prerequisite to enforcing his lien against the property improved. Code (Ann.) § 67-2002 (3). In such a proceeding where it is alleged that the contractor within twelve months of the furnishing of the material has absconded from the limits of the State and was at the time of the filing of the petition still without the limits of the State so that no personal jurisdiction can be had of him, it is not necessary for the plaintiff to also allege, in addition to the above, that the contractor is insolvent or that he does not have property and assets in the jurisdiction of the court sufficient to pay the plaintiff the amount alleged to be due. The Code section is clear and unambiguous as to requisites for foreclosing the lien directly against the owner's property without the necessity of judgment against the contractor and does not provide that before a materialman can proceed directly against the property of the owner, it must also appear that the contractor is either insolvent or does not have assets within the jurisdiction of the court.

The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

DECIDED JUNE 11, 1957.

*Fullbright & Duffey,* for plaintiff in error.
*Wright, Rogers, Magruder & Hoyt, Barry Wright, Jr.,* contra.